**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RON KIRK THOMPSON (#111262)**                                  CIVIL ACTION

**VERSUS**

**JONATHAN R. ROUNDTREE, ET AL.**                             NO. 09-0803-BAJ-DLD

<u>O R D E R</u>

This matter comes before the Court on the plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction. Rec.doc.no. 113.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Jonathan R. Roundtree, Ass't. Warden Kevin Benjamin, Capt. Christine H. Lacour, Sgt. Montrell Robinson, Sgt. Mary Dodge, Nurse Tremika Brown, Nurse Sharon Dunbar, Dr. G. Williams, Major Hooker, Sgt. L. Lackie, Lt. Purpera, N. Hughes, Capt. Robert Hayes, Sgt. R. McKey, Ass't. Warden Orville Lamartiniere, Classification Officer Johnny B. Joseph, Lt. McDowell, Sgt. A. Hicks, Sgt. Parnell Davis, Sgt. David Brown, Sgt. Anthony, Sr., Sgt. John Johnson, Sr., Sgt. Melissa Goodon, and unidentified "John Doe" and "Jane Doe" defendants employed at LSP, alleging that the defendants have violated his constitutional rights, principally through deliberate indifference to his serious medical needs.

The plaintiff now seeks injunctive relief, complaining that he is "in fear of imminent danger", that he is being "denied medical treatment", and that the defendants are wrongly retaliating against him by subjecting him to verbal taunts and harassment, by failing to release him from extended confinement at Camp J at LSP, and by failing to release him from prison to a shelter or halfway house. He prays for an Order directing the United States Marshal to "take him into immediate custody until a hearing is held and determined that the danger and harm is no longer present."

In order to establish entitlement to injunctive relief, the plaintiff must satisfy four elements warranting such relief: (1) irreparable injury, (2) an absence of harm to the defendants if injunctive relief is granted, (3) an interest consistent with the public good, and (4) a substantial likelihood of

success on the merits.  Canal Authority v. Callaway, 489 F.2d 567 (5th Cir. 1974).  The Court concludes that the plaintiff has not met his burden in this regard.  The medical documentation filed in the record reflects that the plaintiff has been seen by healthcare providers at the prison on numerous occasions and that diagnostic x-rays have been taken.  Although the plaintiff is unhappy with the medical care which he has received, he has made no showing regarding his current diagnosis or regarding the care which he believes is appropriate for his condition.  The law is clear that an inmate's mere unhappiness with the level or extent of his medical care does not rise to the level of a constitutional violation without proof of deliberate medical indifference, Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and such proof has not been presented to the Court.  Further, the law is clear that mere verbal abuse and harassment is not actionable under § 1983, McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499 (1983), and there is no evidence in the record, beyond the plaintiff's mere subjective belief, that the defendants are subjecting him to retaliation in any form.  In any event, claims of current retaliation are not relevant to the issues currently before the Court for decision.  On the record before the Court, therefore, the plaintiff has not made a showing of a substantial likelihood of success on the merits or that he will suffer irreparable injury in fact if injunctive relief is not granted.  His medical complaints have apparently received some level of attention by prison personnel, and it appears, therefore, that his claims are susceptible of being adequately addressed in this or in another ordinary proceeding.  Therefore, the Court concludes that the plaintiff's request for injunctive relief does not present an issue ripe for such relief.  Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction.  Rec.doc.no. 113, be and it is hereby **DENIED.**

Baton Rouge, Louisiana, this _19th_ day of October, 2010.

_____
**BRIAN A. JACKSON**
**UNITED STATES DISTRICT JUDGE**